**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

**IN RE:**

| | |
|---|---|
| **FITCH & FLEMING, a Mississippi Partnership** | **Case No. 12-12402-DWH** |
| **aka Fitch & Fleming, LLC** | |
| | **Chapter 7** |
| **Debtor.** | |

---

**APPLICATION OF CREDITOR FITCH OIL COMPANY, INC. AND ITS COUNSEL**
**FOR APPROVAL OF FEES AND EXPENSES FOR ITS' ATTORNEYS EVANS |**
**PETREE PC IN CONNECTION WITH INVOLUNTARY PETITION**

---

COME now Fitch Oil Company, Inc., ("Petitioning Creditor"), and its attorneys Evans Petree, PC ("Firm"), pursuant to 11 U.S.C. § 503 (a) and (b)(4) of the Bankruptcy Code, and apply for approval and payment of compensation and reimbursement of attorneys' fees and expenses for the period June 13, 2012 through the present, in connection with the filing of the Involuntary Petition ("Involuntary Fee Application"). Separate applications are being filed for the preparation of schedules and statement of affairs for the Debtor, and for Nunc Pro Tunc employment as a Professional pursuant to Section 327 of the Bankruptcy Code. In support of the Involuntary Fee Application of the Creditor the Firm would show as follows:

1.    On or about July 21, 2008, David J. Cocke and Evans Petree, PC were employed to represent the Debtor, Fitch Oil Company, Inc. ("Fitch Oil"), Bankruptcy Case No. 08-12812

pursuant to 11 U.S.C. §327.

2.      Fitch Oil has successfully filed an Involuntary Petition against the Debtor on or about

June 13, 2012.  Its counsel is entitled to its fees for the service toe the estate pursuant to Section 503

(b) (4) of the Bankruptcy Code.

3.      A detailed statement of the dates, description, amount of time and charges devoted to

the Involuntary is attached hereto as Exhibit "A" in Categories I and C.  The number of hours

expended and the fees requested at the Firm's  hourly rates as of the dates of service are as follows:

| Name | Rate | Hours | Fees |
|------|------|-------|------|
| David J. Cocke (DJC), Shareholder | $250/hr | 9.2 | 2316.50 |
| Kandace C. Stewart (KCS), Associate | $200/hr | 2.0 | 400.00 |
| Total | | | $2,716.50 |

The Exhibit identifies work performed for the estate in three categories:

(I)     Work performed specifically for the Involuntary Petition;

(C)     Work performed during the interim period before the Involuntary Petition was
        granted and appointment of the Trustee and immediately thereafter in successful
        effort to preserve property of the estate; and considered by the Applicants to be
        compensable as part of the Involuntary Petition as actual and necessary expenses
        pursuant to Section 503 (a)(3)(A) and (4); and

(S)     Time expended on the Schedules at the request of the Trustee and with approval of

        the Court.  (Time in the "S" category is not requested in this Application, but in a

        separate Application)

4        The Exhibit is filed with the Court and a copy is available for inspection and copying

by a request to the undersigned.

5.       The Firm submits that the services performed by its attorneys have been necessary

and valuable to the estate.  The compensation sought is reasonable in light of the complexity of the

issues presented, the effect of this representation upon the Firm's ability to service other clients and

in the risk of non-collection.

6.       There is no agreement or understanding existing between counsel and any other

entity for the sharing of compensation to be received for services rendered in or in connection

with this case except as to members and regular associates of the Firm.

7.       The Trustee in Fitch and Oil Company, Inc. has had an opportunity to review this

application and has approved same.

8.       The Trustee  in the instant case has had an opportunity to review this application and

has approved same.

9.       Fitch Oil Company, Inc. is a creditor of Fitch & Fleming, Debtor herein and has a

substantial claim.  One of the owners of Fitch & Fleming is Jerry Fitch, Sr., who is also in

personal bankruptcy, BK No. 09-11105-DWH, in the Northern District of Mississippi.  Mr. Fitch

is one of the two partners of Fitch & Fleming, the other being Charles Fleming of Pontotoc, Ms.

10.      The principal asset of the Debtor was the real property in Pontotoc, MS that

formerly operated as a gas station but had been closed for over one year.  The property was

subject to a first mortgage to the Bank of Holly Springs ("Bank") and had been in default for

non-payment for many months at the time the Involuntary Petition was filed.

11.     On or about June, 2012, Mr. Cocke of the Firm communicated with Charles

Fleming regarding the possibility of sale of the property and his work with a broker to

accomplish that.  During the conversation it was brought out that the Debtor had been notified of

a foreclosure of the property being initiated by the Bank which would have the resulted in wiping

out any potential equity for creditors of Fitch & Fleming.  Mr. Fleming discussed the possibility

of hiring an attorney and putting the company in voluntary bankruptcy, but he did not have the

financial ability to do so.

12.     After conferring with Jerry Fitch, President of Fitch Oil, counsel for the Firm

initiated an involuntary petition against the Debtor to stay the pending foreclosure and preserve

the contract for sale of the Pontotoc property.   This was done on a very short notice.

13.     During the period of time after the filing of the involuntary petition, the Bank of

Holly Springs filed a Motion to Lift Stay and no one for the Debtor stepped forward to respond to

that Motion.  Accordingly, the Firm filed on behalf of Fitch Oil an objection to the lifting of the

stay and temporarily preserved the Debtor's property from foreclosure.  Subsequently, the

involuntary petition was granted without opposition and the Bank agreed to continue its Motion

to Lift Stay until a trustee was appointed and had an opportunity to respond.  As a result of the

creditor's action, the foreclosure was forestalled and the possibility of the sale preserved and later

realized.

14.     In addition to filing the successful involuntary petition, Fitch Oil and the Firm

assisted the trustee in pursuing the sale of the Debtor's property.  This included numerous

communications with Mr. Fleming and his real estate broker, and with counsel for the Bank.

Compensation is not sought for these efforts.

15.     The Firm seeks compensation under Section 503(b) (A)(4) of the Bankruptcy

Code for reasonable compensation for professional services in connection with the Involuntary

Petition.

16.     The fees and expenses sought include reasonable compensation for professional

services rendered by an attorney of an entity whose expenses were allowable under sub-

paragraph (A), based on the time, the nature, the extent and the value of such services, and the

cost of comparable services other than in a case under this title, and reimbursement for actual

necessary expenses incurred by such attorney.

WHEREFORE, PREMISES CONSIDERED, Fitch Oil Company, Inc. and the Firm,  request,

upon notice and a hearing; that the Firm be compensated for its services relating to the Involuntary in

the amount of $2,716.50 in fees and $0.00 expenses as requested herein; that the Trustee be

authorized to pay the Firm from the proceeds of the sale of the Debtor's property; and that they have

such other relief, legal and equitable, which the Court may deem proper under the circumstances.

Respectfully submitted,

/s/ Kandace C. Stewart
Kandace C. Stewart (MS 101642)
EVANS | PETREE, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, Tennessee  38120
kstewart@evanspetree.com
PH 901.525.6781

*Attorneys for Fitch Oil Company, Inc.*

## CERTIFICATE OF SERVICE

I, Kandace Stewart, Attorney for Fitch Oil Company, Inc., do hereby certify that I have this day, mailed via CM/ECF and/or United States Postal Service, a true and correct copy of the foregoing Application for Compensation and Reimbursement to the following parties:

Fitch & Fleming, LLC, Debtor
PO BOX 27
HOLLY SPRINGS, MS  38635

Stephen P. Livingston, Attorney for Bank of Holly Springs
PO DRAWER 729
NEW ALBANY, MS  38652

Henry J. Applewhite
Trustee
P. O.  Box 724
Aberdeen, MS 39730

Alex B. Gates
P. O. Box 216
Sumner, MS 38957
662-375-8728

Office of the United States Trustee
501 EAST COURT STREET, SUITE 6-430
JACKSON, MS  39201

SO CERTIFIED, this the 29th day of December, 2014.


/s/ Kandace C. Stewart