**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI**

---

IN RE:

    FITCH & FLEMING, a Mississippi Partnership    Case No. 12-12402-DWH

    aka Fitch & Fleming, LLC

                                                                 Chapter 7

    Debtor.

---

**APPLICATION OF DAVID J. COCKE AND EVANS | PETREE, PC FOR APPROVAL OF FEES AND EXPENSES IN CONNECTION WITH CHAPTER 7 ADMINISTRATION**

---

COME now Fitch Oil Company, Inc., ("Petitioning Creditor"), and its attorneys, David J. Cocke and Evans Petree, PC ("Firm"), pursuant to 11 U.S.C. § 503 (a) and (b)(4) of the Bankruptcy Code, and apply for approval and payment of compensation and reimbursement of attorneys' fees and expenses for the period June 13, 2012 through the present, in connection with the preparation of schedules and statement of affairs for the Debtor. A request for Nunc Pro Tunc employment as a Professional pursuant to Section 327 of the Bankruptcy Code is separately filed. In support of the Application of the Creditor and the Firm, they would show as follows:

    1.    On or about July 21, 2008, David J. Cocke and Evans Petree, PC were employed to represent the Debtor, Fitch Oil Company, Inc. ("Fitch Oil"), Bankruptcy Case No. 08-12812 pursuant to 11 U.S.C. §327.

    2.    In the course of discharging its duties to its client, the Firm has also rendered

reasonable and necessary services to the Trustee herein and the Fitch & Fleming estate for which the Firm and Fitch Oil seek reasonable compensation to the Firm based on the nature, extent and value of such services to this estate. Section 503(a) for Professional services spent in complying with the requirement to file schedules.

3. At the request of the Trustees, this Court entered an Agreed Order Designating Representative of the Debtor, David J. Cocke of the Firm, to assist Charles M. Fleming in the performance of his duties in preparing schedules and statement of affairs as long as Mr. Cocke's employment was approved by the Court. The Motion seeking such an order was filed with the Court by the Trustee on August 15, 2012, and approved by the Court on September 27, 2012.

4. A detailed statement of the dates, description, amount of time and charges devoted to these services is attached hereto as Exhibit "A" in category "S". The number of hours expended and the fees requested herein at the Firm's hourly rates as of the dates of service are as follows:

| Name | Rate | Hours | Fees |
|---|---|---|---|
| David J. Cocke (DJC), Shareholder | 250/hour | 9.133 | 2283.25 |
| Kandace C. Stewart (KCS), Associate | 200/hour | .75 | 150.00 |
| Total | | 9.883 | 2433.25 |

The Exhibit identifies work performed for the estate in three categories:

(I) Work performed specifically for the Involuntary Petition compensation sought in a separate application.

(C) Work performed during the interim period before the Involuntary Petition was granted and appointment of the Trustee and immediately thereafter in successful effort to preserve property of the estate; and considered by the Applicants to be compensable as part of the Involuntary Petition as actual and necessary expenses pursuant to Section 503 (a)(3)(A) and (4) also sought in the separate application; and

(S) Time expended on the Schedules at the request of the Trustee and with approval of the Court compensation for which is sought herein.

5. The Exhibit is filed with the Court and a copy is available for inspection and copying by a request to the undersigned.

6. The Firm submits that the services performed by its attorneys have been necessary and valuable to the estate. The compensation sought is reasonable in light of the complexity of the issues presented, the effect of this representation upon the Firm's ability to service other clients and in the risk of non-collection.

7. There is no agreement or understanding existing between counsel and any other entity for the sharing of compensation to be received for services rendered in or in connection with this case except as to members and regular associates of the Firm.

8. The Trustee in Fitch and Oil Company, Inc. has had an opportunity to review this application and has approved same.

9. The Trustee in the instant case has had an opportunity to review this application and has approved same.

10. Fitch Oil Company, Inc. is a creditor of Fitch & Fleming, Debtor herein and has a substantial claim. One of the owners of Fitch & Fleming is Jerry Fitch, Sr., who is also in

personal bankruptcy, BK No. 09-11105-DWH, in the Northern District of Mississippi. Mr. Fitch is one of the two partners of Fitch & Fleming, the other being Charles Fleming of Pontotoc, Ms.

11. The principal asset of the Debtor was the real property in Pontotoc, MS that formerly operated as a gas station but had been closed for over one year. The property was subject to a first mortgage to the Bank of Holly Springs ("Bank") and had been in default for non-payment for many months at the time the Involuntary Petition was filed.

12. On or about June, 2012, Mr. Cocke of the Firm communicated with Charles Fleming regarding the possibility of sale of the property and his work with a broker to accomplish that. During the conversation it was brought out that the Debtor had been notified of a foreclosure of the property being initiated by the Bank which would have the resulted in wiping out any potential equity for creditors of Fitch & Fleming. Mr. Fleming discussed the possibility of hiring an attorney and putting the company in voluntary bankruptcy, but he did not have the financial ability to do so.

13. After conferring with Jerry Fitch, President of Fitch Oil, counsel for the Firm initiated an involuntary petition against the Debtor to stay the pending foreclosure and preserve the contract for sale of the Pontotoc property. This was done on a very short notice.

14. During the period of time after the filing of the involuntary petition, the Bank of Holly Springs filed a Motion to Lift Stay and no one for the Debtor stepped forward to respond to that Motion. Accordingly, the Firm filed on behalf of Fitch Oil an objection to the lifting of the stay and temporarily preserved the Debtor's property from foreclosure. Subsequently, the

involuntary petition was granted without opposition and the Bank agreed to continue its Motion to Lift Stay until a trustee was appointed and had an opportunity to respond. As a result of the creditor's action, the foreclosure was forestalled and the possibility of the sale preserved and later realized.

15. In addition to filing the successful involuntary petition, Fitch Oil and the Firm assisted the trustee in pursuing the sale of the Debtor's property. This included numerous communications with Mr. Fleming and his real estate broker, and with counsel for the Bank. Compensation is not sought for these efforts.

16. Finally, the Trustee was unable to get full cooperation from the Debtor to file appropriate schedules and statement of affairs. Accordingly, the Trustee contacted Mr. Cocke and asked him if he could work with Mr. Fleming in preparing those schedules. In connection with this effort, the Trustee filed a Motion to Permit Mr. Cocke to be appointed as Special Counsel for the Debtor and be reimbursed accordingly. An Order on that request was entered on or about August 15, 2012

17. In reliance of the Trustee's request and the Order entered by the Court, Mr. Cocke worked with Mr. Fleming in preparing the Debtor's Schedules and Statement of Affairs. Unfortunately, Mr. Fleming would never agree to sign them and the Trustee was concerned that the case would be dismissed if something was not filed by the Court's deadline.

18. The Firm seeks reasonable compensation for the services approved by the Court in assisting the Trustee and the Debtor's representative in preparing the Schedules and Statement of Affairs.

19. The fees and expenses sought include reasonable compensation for professional services rendered by an attorney of an entity whose expenses were allowable under sub-paragraph (A), based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual necessary expenses incurred by such attorney.

WHEREFORE, PREMISES CONSIDERED, Fitch Oil Company, Inc. and the Firm, request, upon notice and a hearing, that compensation of fees and expenses be approved to the Firm as requested herein; that the Trustee be authorized to pay the Firm from the proceeds of the sale of the Debtor's property; and that they have such other relief, legal and equitable, which the Court may deem proper under the circumstances.

Respectfully submitted,

/s/ Kandace C. Stewart
Kandace C. Stewart (MS 101642)
EVANS | PETREE, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, Tennessee  38120
PH 901.525.6781

*Attorneys for Fitch Oil Company, Inc.*

# **CERTIFICATE OF SERVICE**

I, Kandace Stewart, Attorney for Fitch Oil Company, Inc., do hereby certify that I have this day, mailed via CM/ECF and/or United States Postal Service, a true and correct copy of the foregoing Application for Compensation and Reimbursement to the following parties:

Fitch & Fleming, LLC, Debtor
PO BOX 27
HOLLY SPRINGS, MS  38635

Stephen P. Livingston, Attorney for Bank of Holly Springs
PO DRAWER 729
NEW ALBANY, MS  38652

Henry J. Applewhite
Trustee
P. O.  Box 724
Aberdeen, MS 39730

Alex B. Gates
P. O. Box 216
Sumner, MS 38957
662-375-8728

Office of the United States Trustee
501 EAST COURT STREET, SUITE 6-430
JACKSON, MS  39201

SO CERTIFIED, this the 29th day of December, 2014.

/s/ Kandace C. Stewart